# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171

dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

May 9, 2025

VIA ECF

The Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  <u>Mendez et al v. A & A Restoration, Inc et al</u>. 1:24-cv-04289-DLI-VMS

Dear Judge Scanlon:

  Our firm represents Plaintiffs in the above-referenced matter and as per our letter to the Court dated yesterday, we hereby attach the settlement agreement signed by Plaintiff Bolivar Leon. In light of the above, we respectfully request that this Court approve the parties' Agreement and discontinue this case while retaining jurisdiction over the implementation of the Agreement.

  We thank the Court for its attention to this matter.

            Sincerely,

            <u>/S/ DAVID HARRISON</u>
            David Harrison

cc: All Counsel of Record (VIA ECF)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "Agreement and Release") is made and entered into by and between Ismael Mendez, Bolivar Leon and Kevin Leon (together, "Plaintiffs") and Inter Renovation, Inc. ("IR"), Krzysztof Pyryt and Roman Jemielity (the "IR Defendants") and Jose Bailon ("Bailon"), on their own behalf, and on behalf of their present and former parents, directors, officers, members, managers, employees, agents, attorneys, and all subsidiaries, affiliates, joint ventures, partners, predecessors, shareholders, insurers, successors and assigns (together "Defendants")(collectively, the "Parties" and each a "Party"), and is subject to the terms and conditions hereof and the approval of the U.S. District Court for the Eastern District of New York (the "District Court").

**WHEREAS**, Plaintiffs alleged that they are former employees of Defendant A&A Restoration, Inc. ("A&A") and the other Defendants;

**WHEREAS**, Plaintiffs initiated the litigation entitled <u>Ismael Mendez, et als. v. A&A Restoration, Inc, et. als.,</u> with the District Court on June 18, 2024, alleging, among other things, that Defendants failed to pay minimum wages and overtime wages and committed other notice and recordkeeping violations, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Litigation");

**WHEREAS**, Defendants deny the allegations and claims in the Litigation, and believe them to be wholly without merit;

**WHEREAS**, the IR Defendants expressly disclaim, and do not admit, that Plaintiffs were jointly employed by IR and any of the Defendants;

**WHEREAS**, Defendants A&A and Segundo Angamarca ("Angamarca") did not file an Answer or otherwise appear in the Litigation;

**WHEREAS**, as of when this Agreement and Release is entered into, Plaintiffs had not moved to certify the collective action under the FLSA and, therefore, the District Court had not certified any such collective;

**WHEREAS**, on March 26, 2025, the Parties participated in mediation with Patrick (Mike) McKenna, Esq. and settled this Litigation;

**WHEREAS**, the Parties recognize that the outcome in the Litigation is uncertain and achieving a final result through litigation requires additional risk, discovery, time and expense;

**WHEREAS**, Defendants expressly disclaim, and do not admit, any liability or wrongdoing of any kind associated with any aspect of the claims alleged in the Litigation. Nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense, and uncertainty of continuing this Litigation, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement and Release.

**NOW, THEREFORE**, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Preliminary Matters**. Plaintiffs both acknowledge and agree that they: (a) have reviewed the terms of this Agreement and Release; (b) have had the opportunity to confer with their legal counsel, Harrison, Harrison & Associates, Ltd. ("**Plaintiffs' Attorney**"), and/or other advisors of their own choosing to obtain advice with respect to the terms of this Agreement and Release; (c) have had the opportunity to consider their advice with respect to the foregoing and following Agreement and Release; and (d) are entering into this Agreement and Release voluntarily and with a full understanding of its terms.

Case 1:24-cv-04289-VMS   Document 50   Filed 05/09/25   Page 4 of 17 PageID #: 193

2. **No Admission of Liability**. By entering into this Agreement and Release, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of (a) any liability, fault or other wrongdoing on the part of any of the parties hereto or (b) of the existence of an employment relationship between Plaintiffs and any of the Defendants. Neither the payments set forth herein nor the negotiations for this Agreement and Release (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement and Release is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly deny any liability to the Plaintiffs arising out of or in connection with this Litigation. No Party hereto shall be deemed to be a prevailing party for any purpose.

3. **Court Approval.**

(a)  In connection with the motion seeking approval of the settlement of Plaintiffs' FLSA claims, which shall be filed by Plaintiffs' Attorney, counsel for the Parties will sign and Plaintiffs' Attorney will file with the District Court a Stipulation and Order of Dismissal with Prejudice of the Litigation attached hereto as Exhibit A (the "**Stipulation of Dismissal**"). The Stipulation of Dismissal will provide that the District Court will retain jurisdiction over the Litigation for purpose of enforcing the terms of this Agreement and Release. Plaintiffs represent that no other charges, actions, proceedings, or claims, civil or administrative, are pending on their behalf, or on behalf of any of them, against any of the Defendants. Plaintiffs expressly

authorize Plaintiffs' Attorney to execute the Stipulation of Dismissal and to submit any papers that are otherwise necessary to effectuate the dismissal of this Litigation.

(b) The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement and Release, including, but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Agreement and Release. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and Release and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate this Agreement and Release and the terms set forth herein.

4. **Consideration**. (a) Defendants agree to pay Plaintiffs the gross amount of **One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00)** (the "**Settlement Payment**") within thirty (30) days of the Court's approval of the Settlement. The Parties expressly acknowledge and agree that the Settlement Payment is inclusive of attorneys' fees and Plaintiffs' Attorney agrees that they will not seek additional attorneys' fees from Defendants. The Settlement Payment shall be wired into Plaintiffs' counsel's escrow account or delivered via check, sent via overnight mail (with tracking) to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701.  Plaintiffs agree that all attorneys' fees incurred in connection with the Litigation will be paid out of the Settlement Payment and that they waive, and will not seek, any further payment of attorneys' fees or costs of any kind from any of the Releasees as defined by Paragraph 5(a);

(c) Plaintiffs understand and agree that Defendants are not providing them with tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement and Release.  Plaintiffs and Defendants have endeavored in good faith to allocate appropriately the payments set forth herein;

(d) Plaintiffs further acknowledge that the Settlement Payment represents a benefit to which they are not otherwise entitled and that the Settlement Payment is good and sufficient consideration to support this Agreement and Release and the full and final release effected thereby.

(e) The Parties further agree that the payments set forth in Section 4(a) are in lieu of and shall discharge any and all obligations of Defendants to Plaintiffs or Plaintiffs' Attorney for compensation, reimbursable costs, fees, or any other expectation of renumeration or benefit on the part of Plaintiffs or Plaintiffs' Attorney. The Parties expressly acknowledge and agree that the Settlement Payment is inclusive of attorneys' fees and Plaintiffs' Attorney agrees that they will not seek additional attorneys' fees from Defendants.

(f) Plaintiffs shall solely be responsible to report payments of the Settlement Payment to all federal, state, and local taxing authorities and shall be solely responsible for all legally required taxes, interest, and penalties, if any, due arising out of their receipt of the Settlement Payment. Plaintiffs, solely on their own behalf(ves) with respect to the portion of the Settlement Payment he/they receive only, agree to indemnify, defend, and hold Defendants harmless from and against all taxes, interest, penalties, attorneys' fees, and other costs that may be incurred by or imposed on Defendants as a result of any portion of the Settlement Payment that shall be reported on an IRS Form 1099.

5. **Wage and Hour Claims Release by Plaintiffs**. In consideration of the promises, payments, and actions set out in this Agreement and Release and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs respectively, including their respective heirs, executors, administrators, agents, successors, and assigns (the "**Releasors**"):

(a) With respect solely and only to conduct that has arisen on, or prior to, the date this Agreement and Release is executed, fully and forever release, relieve, waive, relinquish, and discharge each Defendant and all successors in interest of each Defendant, and their present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys, agents, corporate parents, divisions, affiliates, subsidiaries, predecessors, transferees, insurers, reinsurers, pension and employee benefit plans, successors and assigns (and present and former officers, owners, directors, shareholders, members, partners, employees, representatives, attorneys, and agents of such corporate parents, divisions, affiliates, subsidiaries, predecessors, transferees, insurers, reinsurers, pension and employee benefit plans, successors, and assigns), in their corporate and individual capacities (the "**Releasees**"), from any and all manner of debts, obligations, claims, demands, orders, judgments, or causes of action of any kind whatsoever, known or unknown, civil or criminal, vested or contingent, asserted or unasserted, legal or equitable, that Plaintiffs had, have, or may have from the beginning of time to the date of Plaintiffs' execution of the Agreement relating to any wage and hour claims that were asserted or could have been asserted in the Litigation, including, but not limited to, claims under the FLSA and NYLL (collectively, "**Plaintiffs' Released Claims**").

(b) Waive any rights to become, and promise not to become, a member of any class or FLSA collective in a case in which any of the Plaintiffs' Released Claims are asserted against any of the Defendants. If, without prior knowledge or consent, any of the Plaintiffs are made a member of such class or collective in any such proceeding, Plaintiffs agree not to participate or file any class claims in that proceeding and further agree to affirmatively opt-out of the case. Plaintiffs also waive any right to monetary recovery should any governmental agency or other third party pursue any of Plaintiffs' Released Claims on their behalf.

-6-

(c) Notwithstanding the foregoing, the Parties agree that Plaintiffs' release and waiver of Plaintiffs' Released Claims and covenant not to sue excludes: (i) any Claim arising out of or attributable to events, acts, or omissions that occur after Plaintiffs' execution of this Agreement; (ii) any claim by Plaintiffs to enforce this Agreement and Release; (iii) any right to file a charge or complaint with a governmental agency; and (iv) claims that cannot be waived or released as a matter of law, such as Claims for unemployment insurance benefits or workers' compensation benefits. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall not be entitled to recover any additional damages, monetary or otherwise, as a result of any charges or proceedings that may be brought against any Releasee. Plaintiffs acknowledge that this Agreement and Release will bar recovery in any forum for any claims that are the subject matter of the waivers and releases set forth herein, and that Plaintiffs will neither seek nor accept any moneys for any claim or cause of action that is the subject matter of those waivers and releases. Further, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims.

6. **Plaintiffs' Acknowledgments**. In addition, Plaintiffs respectively further:

(a) Warrant and represent that as of the date of their respective execution of their execution of this Agreement and Release, there are no complaints, charges, or other matters filed or pending before any federal, state, or local court or agency for Plaintiffs' Released Claims.

(b) Understand and agree that they: (i) have carefully read this Agreement and Release in its entirety; (ii) have been, and are hereby, advised by Defendants in writing to consult with an attorney of their own choosing in connection with this Agreement and Release; (iii) fully

understand the significance of all of the terms and conditions of this Agreement and Release and have had the opportunity to discuss them with their attorney; and (iv) are signing this Agreement and Release voluntarily and of their own freewill, without any coercion or duress, and agree to the terms and conditions contained herein.

7. **Mutual Non-Defamation.** Plaintiffs agree that they will not make, or cause to be made, any statements that are maliciously untrue (i.e., statements that are made with knowledge of their falsity) or made with reckless disregard for the statement's truth or falsity about Defendants, whether by electronic, written, or oral means, to any of the Defendants' past, present, or future clients, competitors, employees, business associates, or to any other person or entity (including, but not limited to, the employers, the press, or other media).

8. **Governing Law**. The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to the principles of conflict of laws. With the exception of **Section 5,** if any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. In the event a court of competent jurisdiction determines that Section 5 is invalid or unenforceable in any degree, the Agreement and Release shall become null and void in its entirety, and Defendants shall be under no obligation to pay out the Settlement Payment, in whole or in part, to Plaintiffs or Plaintiffs' Attorney.

9. **Headings**. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement and Release.

10. **Venue**. The Parties hereto acknowledge that this Agreement and Release is enforceable in the federal and state courts of New York. As set forth in the Stipulation of Dismissal (Ex. A), the Parties hereby agree that the District Court shall retain jurisdiction over this Litigation to enforce the Agreement and Release. However, to the extent that the District Court chooses not to retain jurisdiction to enforce the Agreement and Release, the Parties hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement and Release to be commenced or filed in the United States District Court for the Eastern District of New York or the courts of the State of New York having jurisdiction over New York County, New York.

11. **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the District Court ultimately fails to dismiss the Litigation with prejudice as contemplated by this Agreement, despite the Parties' cooperation to effectuate same as per Section 3(b) herein, this Agreement shall be null and void. In such case, the Parties shall be returned to their respective statuses as of the date of this Agreement and Release, and the Parties shall proceed in all respects as if the Agreement and Release had not been executed.

12. **No Other Representations or Agreements**. The Parties each acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement and Release. This Agreement and Release constitutes a single integrated contract expressing the entire agreement of Plaintiffs and Defendants. There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiffs and Defendants concerning the subject matter hereof, except the agreements set forth in this Agreement and Release. This Agreement and Release constitutes and contains the entire agreement among Plaintiffs and Defendants, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

13. **No Modification Except In Writing**. This Agreement and Release cannot be modified or changed except by a writing, signed by Plaintiffs and Defendants, with specific reference to this Agreement and Release.

14. **Notices**. For the purposes of this Agreement and Release, the Parties hereby agree that any notices, correspondence, and communications shall be directed as follows:

*For Plaintiffs*: David Harrison, Esq., Harrison, Harrison & Associates, 90 Broadway Street, 2nd Floor, New York, NY 10005, dharrison@nynjemploymentlaw.com.

*For Defendant Jose Bailon*: Jason Mizrahi, Esq., Levin-Epstein & Associates, 420 Lexington Avenue, Suite 2458, New York, NY 10170, jason@levinepstein.com.

*For the IR Defendants*: Randi W. Kochman, Esq., Cole Schotz PC, 1325 Sixth Avenue, 19th Avenue, New York, NY 10019 rkochman@coleschotz.com

15. **Signatory Authority**. The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and Release and bind the Parties hereto to the terms and conditions hereof, provided that the binding nature of this Agreement is subject to the Court's approval of the settlement and ultimate dismissal of the Litigation with prejudice as set forth in Sections 3 and 12 herein. Further, the Parties hereto represent and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

16. **No Ambiguities**. The Parties agree that any ambiguities in this Agreement and Release shall not be construed against either party.

17. **Execution In Counterpart**. This Agreement and Release may be executed in counterpart by Plaintiffs and Defendants and by facsimile or PDF signatures, and each executed Agreement and Release when taken together, shall constitute a complete agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and Release.

Dated: 4/29/2025          By: ___[signature]___
                              Ismael Mendez

Dated: April 29, 2025     By: ___[signature]___ Bolivar Leon by David Harrison
                              Bolivar Leon       as Power Of Attorney

Dated: 4/29/2025          By: ___[signature]___
                              Kevin Leon

                          INTER RENOVATION, INC.

Dated:                    By: _____
                              Krzysztof Pyryt


Dated:                    By: _____
                              Roman Jemielity


Dated:                    By: _____
                              Krzysztof Pyryt


Dated:                    By: _____
                              Jose Bailon

-12-

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and Release.

Dated: _____  By: _____
                            Ismael Mendez

Dated: _____  By: _____
                            Bolivar Leon

Dated: _____  By: _____
                            Kevin Leon

                       INTER RENOVATION, INC.
Dated: 04/29/25        By: _____
                            Krzysztof Pyryt

Dated: 4/29/2025       By: _____
                            Roman Jekielity

Dated: 04/29/25        By: _____
                            Krzysztof Pyryt

Dated: _____  By: Jose _____
                            Jose Bailon

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement and Release.

Dated: _____  By: _____
Ismael Mendez

Dated: 5/8/2025  By: *Bolivar Leon* (Signed by: AE686841C61740B...)
Bolivar Leon

Dated: _____  By: _____
Kevin Leon

INTER RENOVATION, INC.

Dated: _____  By: _____
Krzysztof Pyryt

Dated: _____  By: _____
Roman Jemielity

Dated: _____  By: _____
Krzysztof Pyryt

Dated: _____  By: *Jose Bailon* (signature)
Jose Bailon

-12-

67561/0002-49811135v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ISMAEL MENDEZ, BOLIVAR LEON and
KEVIN LEON, On behalf of themselves and all
others similarly situated,

                Plaintiffs,

   v.

A&A RENOVATION, INC., et als.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 24-cv-4289

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

    IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Ismael Mendez, Bolivar Leon and Kevin Leon, on the one hand (collectively, "Plaintiffs"), and Inter Renovation, Inc. ("IR"), Krzysztof Pyryt and Roman Jemiellity (the "IR Defendants") and Jose Bailon ("Bailon"),(collectively, "Defendants"), on the other hand, by and through their undersigned counsel, that the above-captioned action has been resolved by the parties.

    The Court has reviewed the Settlement Agreement and Release and deems it fair, pursuant to the Fair Labor Standards Act § 216(b). The parties accordingly agree that the action be and is hereby dismissed, with prejudice, and with no additional award of attorneys' fees or costs by the Court to any party.

Dated: May ____, 2025

HARRISON, HARRISON &
ASSOCIATES, LTD.

By:_____
    David Harrison, Esq.
90 Broadway Street, 2nd Floor
New York, NY 10005

*Attorneys for Plaintiffs*

LEVIN-EPSTEIN & ASSOCIATES, PC

By:_____
    Jason Mizrahi, Esq.